## Scott, Appellant, *v.* Hower & Stender.

*Workmen's compensation—Hospital expenses—Burial expenses— Sections 306 and 307 of the Act of June 2, 1915, P. L. 736, as amended by the act of June 26, 1919, P. L. 642.*

The payment of burial expenses as required by section 307 of the Act of June 2, 1915, P. L. 736, as amended by the Act of June 29, 1919, P. L. 642, does not exempt an employer from the necessity of paying the expenses of hospital treatment as provided by section 306 of said acts.

Argued March 1, 1926. Appeal No. 20, February T., 1926, by plaintiff, from judgment of C. P. Lackwanna County, May T., 1925, No. 316, in the case of S. Angeline Scott, Executrix of the Estate of H. C. Scott, Deceased, v. Hower & Stender. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Appeal from Workmen's Compensation Board. Before NEWCOMB, J.

The facts are stated in the opinion of the Superior Court.

The compensation board and the court below refused to allow the claim. Plaintiff appealed.

*Error assigned* was the order of the court.

*George Morrow,* for appellant.

*E. C. Jones,* for appellee.

OPINION BY HENDERSON, J., April 30, 1926:

This case involves the construction of the 306th and 307th sections of the Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642. The question arises on the application of the executrix, who is also the widow, for the allowance of an amount to cover the bill for hospital treatment and

medical services furnished to the petitioner's husband during the period of his total disability resulting from an injury to his foot on March 2, 1923. Three or four days thereafter he was removed to a hospital, where he died on the 27th of that month. The defendants paid $100 on the expenses of the last sickness and burial, under the provision of the 307th section of the Act of 1919, but refused to pay the bill for hospital treatment, services and supplies as required by section 306 of that statute. The referee, the compensation board, and the court below were of the opinion that the only compensation allowable on the facts was under the 307th section of the statute, and therefore refused the application. The learned trial judge based his decision on a construction of the statute which makes section 306 apply to cases of total disability not resulting in death, from which construction it would properly follow that the amount paid for sickness and burial under the 307th section was all that could be recovered. It is contended on the other hand, that paragraph E of section 306 is applicable where the patient dies. The provision of the statute is: "During the first thirty days after disability begins, the employer shall furnish reasonable surgical and medical services, medicines, and supplies, as and when needed, unless the employe refuses to allow them to be furnished by the employer. The cost of such services, medicines and supplies shall not exceed one hundred dollars. If the employer shall, upon application made to him, refuse to furnish such services, medicines and supplies, the employe may procure the same, and shall receive from the employer the reasonable cost thereof within the above limitations. In addition to the above services, medicines, and supplies, hospital treatment, services, and supplies shall be furnished by the employer for the said period of thirty days. The cost of such hospital treatment, services and

supplies shall not in any case exceed the prevailing charge in the hospital for like services to other individuals.''

This provision for hospital treatment is a part of the amendment introduced in the Act of 1919 and is not obscure in its statement of the obligation of the employer. Paragraph F of the same section declares that if the employe die as a result of the injury the period during which compensation shall be payable to his dependents under section 307 shall be reduced by the period during which compensation was paid to him in his lifetime under this section. It is then declared that ''No reduction shall be made for the amount which may have been paid for medical and hospital services and medicines nor for the expenses of the last sickness and burial.'' This section, we think, shows that paragraph E does not relate solely to cases where the injured person recovers, but is applicable should the employe die as a result of the injury. It seems inconsistent with the benevolent provisions of the Act, that a patient who recovers is compensated for medical expenses, but that the other whose total disability continues to his death, must leave his dependents or his estate subject to the payment of his hospital charges. It is clear that the employer is liable on the facts for the expense of the last sickness and burial to the extent of $100; but that payment is to be made without deductions of any amount theretofore paid for compensation or for medical expenses. This would seem to refer to the provisions of the 306th section which creates the liability for medical services, medicines and supplies, and also hospital treatment, which may be fairly included under the description ''medical expenses.'' The 306th section secures limited compensation for the expenses of sickness; the 307th section insures a burial fund. Reading the sections together the language does not require us to hold that section 306 only ap-

plies to cases where the injured employe survives, and when we consider the purpose of the enactment the construction should prevail which would give its benefits during the limited continuance of the disability, whether the employe recovered or died. The opinion of Judge GAWTHROP in Kopchak v. Lincoln Gas & Coal Co., 79 Pa. Supr. Ct. 536, supports this view of the enactment. Objection is made in the appellant's argument that in any aspect of the case the amount claimed is too large; but that is a matter for consideration on the determination of the proper amount of plaintiff's claim.

The order of the court below is reversed and the record is remitted, with instructions to remand the case to the referee to find the amount to which the petitioner is entitled, in accordance with this opinion.